Stanley J. Preston (4119)
Bryan M. Scott (9381)
Brandon T. Crowther (14164)
PRESTON & SCOTT
111 E. Broadway, Suite 1200
Salt Lake City, UT  84111
Telephone: 801-869-1620
Facsimile: 801-869-1621
sjp@prestonandscott.com
bms@prestonandscott.com
btc@prestonandscott.com
*Attorneys for Creditors*
*Dr. Sherman L. Kearl and the*
*Sherman Kearl Family Trust*

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF UTAH

| In re: TNX Automotive Services, LLC Debtor. | Case No. 14-30208 Chapter 7 Hon. R. Kimball Mosier |
|---|---|

**OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO § 362 AND § 1301**

Pursuant to Rule 4001 of the Bankruptcy Rules and Local Rule 4001-1(b), Creditors Dr. Sherman L. Kearl and the Sherman Kearl Family Trust (collectively "Kearl Creditors"), by and through their counsel of record, respectfully submit this objection to Motion for Relief from the Automatic Stay Pursuant to § 362 and § 1301, filed by various Tunex franchisees ("Franchisees' Motion").

## RESPONSE TO FACTUAL ALLEGATIONS

1.Tunex Creditors are businesses located and operating in the State of Utah.

**RESPONSE:**  Admit for purposes of Franchisees' Motion only.

2.Debtor, TNX Automotive Services, LLC is a Utah limited liability company that has ceased operations.

**RESPONSE:** Admit for purposes of Franchisees' Motion only.

3.Debtor filed a petition in this court under Chapter 7 of the Bankruptcy Code on September 26, 2014.

**RESPONSE:**  Deny.  The referenced petition was an involuntary petition filed by alleged creditors of Debtor TNX Automotive Services, LLC ("Debtor"), not by Debtor.

4.On August 21, 2014, three (3) of the Tunex Creditors (West Jordan Tunex; West Valley Tunex; and Kearns Tunex) filed a complaint against TNX Automotive Services, LLC in the Third District Court, Salt Lake County, Salt Lake Department, State of Utah alleging claims sounding in Breach of Contract, Negligent Misrepresentation, and Unjust Enrichment. Attached hereto and incorporated herein by this reference as Exhibit "A" is a true and correct copy of the same.

**RESPONSE:**  Admit for purposes of Franchisees' Motion only.

5.That lawsuit was assigned Case No.: 140905765 and Judge Royal I. Hansen was assigned.

**RESPONSE:**  Admit for purposes of Franchisees' Motion only.

6. The summons and complaint were properly served on the registered agent of TNX Automotive Services, LLC, Nick Butterfield, on September 12, 2014.

**RESPONSE:** The allegations contained in paragraph 6 are legal conclusions and require no answer. To the extent paragraph 6 requires an answer, Kearl Creditors deny each and every allegation of paragraph 6.

7. TNX Automotive Services, LLC has failed to file an Answer or other pleading with the court in that lawsuit.

**RESPONSE:** Deny. While Kearl Creditors admit that Debtor has not filed an Answer or other pleading in that lawsuit, since Debtor was allegedly served with the summons and complaint on September 12, 2014, Debtor would not have been required to serve an Answer or other response until 21 days later, on October 3, 2014. The involuntary bankruptcy petition was filed on September 26, 2014, which stayed proceedings against Debtor. Accordingly, Debtor has not "failed" to respond, because the filing of its response when due would have been in violation of the automatic stay.

8. On September 22, 2014, three (3) of the other Tunex Creditors (Murray, Heber, and Draper) filed a complaint against TNX Automotive Services, LLC in the Third District Court, Salt Lake County, West Jordan Department, State of Utah alleging claims sounding in Breach of Contract, Negligent Misrepresentation, and Unjust Enrichment. Attached hereto and incorporated herein by this reference as Exhibit "B" is a true and correct copy of the same.

**RESPONSE:** Admit for purposes of Franchisees' Motion only.

9. That lawsuit was assigned Case No.: 140906559 and Judge Barry Lawrence was assigned.

**RESPONSE:** Admit for purposes of Franchisees' Motion only.

10. The summons and complaint were properly served on the registered agent of TNX Automotive Services, LLC, Nick Butterfield, on October 2, 2014.

**RESPONSE:** The allegations contained in paragraph 10 are legal conclusions and require no answer. Regardless, Kearl Creditors deny each and every allegation of paragraph 10 on the grounds that the alleged service of the referenced summons and complaint on Debtor on October 2, 2014, could not have been proper because any such service on Debtor on that date was made in violation of the automatic stay.

11. TNX Automotive Services, LLC has failed to file an Answer or other pleading with the court in that lawsuit.

**RESPONSE:** Deny. While Kearl Creditors admit that Debtor has not filed an Answer or other pleading in that lawsuit, since the summons and complaint were improperly served on Debtor after this bankruptcy case was filed and the automatic stay was in place, Debtor has had no opportunity to respond to the lawsuit, and if Debtor had attempted to file its response in that lawsuit, it would have been in violation of the automatic stay. Accordingly, Debtor has not "failed" to respond.

12. TNX Automotive Services failed to notify counsel for the Tunex Creditors that it had filed a Chapter 7 Bankruptcy case.

**RESPONSE:** Deny. Debtor did not file the bankruptcy petition and had no duty to notify Tunex Creditors that an involuntary petition was filed.

13. The Tunex Creditors are seeking to proceed on their claims in the Utah State Court to allow them to be released from their franchise agreements with the Debtor for the Debtor's breach of contract.

**RESPONSE:** Deny. This self-serving statement by the franchisees who have filed this motion ignores the fact that, as discussed in greater detail below, these franchisees are actually seeking to absolve themselves of all past, present, and future obligations to pay royalties owed to Debtor for use of Debtor's trademarks, which use in ongoing, and which royalties will likely be the only significant source from which the real creditors of Debtor (the largest of which are the Kearl Creditors) will recover any portion of the funds that are owed to them. For months now, these franchisees have used Debtor's "Tunex" brand name, good will, trademarks and other intellectual property without paying any royalties whatsoever to Debtor and they have also largely failed to pay these royalties to the Kearl Creditors pursuant to the writs of garnishment that were properly served on them.

14. Each of the Tunex Creditors seek relief from stay to proceed forward on the breach of contract claims to be relieved of their contracts with the Debtor and will not seek monetary damages for the breach, so long as they are able to be released from their agreements with Debtor.

**RESPONSE:** Deny. *See* Kearl Creditors' response to paragraph 13, above, which is incorporated herein by this reference.

5

15. Tunex Creditors now desire to lift the automatic stay to proceed to trial on their equitable claims; or receive a default on their equitable claims.

**RESPONSE:** Deny. *See* Kearl Creditors' response to paragraph 13, above, which is incorporated herein by this reference.

16. Tunex Creditors seek an equitable remedy at this point, to have the contracts with Debtor nullified through the Third District Court in lieu of collecting an amount of money since the Debtor has filed for bankruptcy relief.

**RESPONSE:** Deny. *See* Kearl Creditors' response to paragraph 13, above, which is incorporated herein by this reference.

**ARGUMENT**

Kearl Creditors are Debtor's largest creditor, with an outstanding judgment against Debtor in an amount exceeding $1,000,000. Debtor's principal assets consist of franchise agreements with various Tunex franchisees, which require the franchisees to make monthly royalty payments to Debtor in exchange for use of Debtor's trademarks, brand name, good will, intellectual property and services.

In June 2014, Kearl Creditors served a number of franchisees, including 5 of the 6 franchisees referred to herein as Tunex Creditors,[1] with writs of continuing garnishment for the purpose of recovering the royalty payments owed by the franchisees to Debtor.[2] Since then, the

---

[1] It is improper to refer to the franchisees who are the moving parties on this motion as the "Tunex Creditors," because at this point there is certainly no liquidated damages owed by the Debtor to these franchisees. To the contrary, these franchisees have for months used and taken advantage of Debtor's "Tunex" brand name, good will, trademarks and other intellectual property, all without paying Debtor the royalties that they contractually owe Debtor under their franchise agreements for said use.

[2] Kearl Creditors did not serve Heber Tunex with a writ of continuing garnishment.

6

franchisees have failed to comply with their obligations to make payments, which has resulted in back royalties owed to TNX.[3] These back royalties, as well as any outstanding royalties prior to the writs of continuing garnishment served by Kearl Creditors, are property of the bankruptcy estate, and likely constitute the primary source of funds, which will be available to Debtor's legitimate creditors, such as the Kearl Creditors. The so-called Tunex Creditors should not be allowed to profit from their prior and continued use of Debtor's brand name, good will, trademarks and other intellectual property without compensating Debtor for such use, which funds should be distributed to Debtor's creditors as part of the bankruptcy estate.

Given Debtor's financial situation, it is very unlikely that Debtor will defend its rights to these back royalties if Tunex Creditors are given relief from the automatic stay. If the Court grants Franchisees' Motion, it is anticipated that Tunex Creditors will obtain a default judgment against Debtor and will obtain the equitable relief they seek on their breach of contract actions. With this relief, Tunex Creditors will no longer be required to make royalty payments to Debtor and will be absolved of all back royalty payments owing for Tunex Creditors' continued use of Debtor's "Tunex" brand name, goodwill, trademarks and other intellectual property.

To preserve this property of the bankruptcy estate, Kearl Creditors respectfully submit that this Court should deny Franchisees' Motion, so that Tunex Creditors' claims and obligations can be adjudicated in a setting where Debtor's rights will be represented and fair payment can be obtained for Tunex Creditors' past, present and ongoing use of Debtor's "Tunex" brand name, goodwill, trademarks and other intellectual property.

---

[3] Draper Tunex has made a single payment of $1,634.49; Kearns Tunex has refused to make any payments; Murray Tunex has made a single payment of $811.76; West Jordan Tunex has made a single royalty payment of $1,107.93; and West Valley Tunex has failed to make any payments.

DATED this 5th day of November, 2014.

                                                                             PRESTON & SCOTT

                                        By   /s/ Brandon T. Crowther
                                              Stanley J. Preston
                                              Bryan M. Scott
                                              Brandon T. Crowther
                                   *Attorney for Creditors*
                                   *Dr. Sherman L. Kearl and the*
                                   *Sherman Kearl Family Trust*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of November, 2014, I electronically filed the foregoing **OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO § 362 AND § 1301** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

John T. Morgan
US TRUSTEES OFFICE
Ken Garff Bldg.
405 South Main Street, Suite 300
Salt Lake City, UT 84111
*United States Trustee*

T. Edward Cundick
PRINCE, YEATES & GELDZAHLER
15 West South Temple, Suite 1700
Salt Lake City, UT 84101
*Attorneys for Zions First National Bank*

Jared B. Pearson
EVELAND & ASSOCIATES, PLLC
8833 South Redwood Road, Suite C
West Jordan, UT 84088
*Attorneys for Kearns, Draper, Heber, Murray, West Jordan, and West Valley Tunex*

and to be sent via first-class mail, postage prepaid to the following:

TNX Automotive Services, LLC
PO Box 256
Riverton, UT 84065

Boyd V. Enniss
67 West 7500 South
Midvale, UT 84047

Nick Butterfield
13861 April Moon Cove
Herriman, UT 84096

Larry R. Hendricks
1107 Eaglewood Loop
North Salt Lake City, UT 84054

Boyce R. Sorensen
3316 W. 4305 S.
West Valley City, UT 84119

                /s/ Brandon T. Crowther